## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SAUDER WEST FARMS, INC. and
FARMERS STATE BANK OF
ALICEVILLE,

                    **Plaintiffs,**

**v.**                                       **Case No. 16-cv-4192-DDC-KGG**

SENTRY SELECT INSURANCE CO.,

                    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiffs Sauder West Farms, Inc. ("Sauder") and Farmers State Bank of Aliceville ("Farmers State Bank") filed this lawsuit against defendant Sentry Select Insurance Co. in Anderson County, Kansas. Defendant removed the action to federal court, asserting that diversity jurisdiction exists over the action. Plaintiffs have filed a Motion to Remand. Doc. 12. Defendant has filed a Response opposing remand. Doc. 13. And, plaintiffs have filed a Reply. Doc. 15. After considering the parties' arguments, the court denies plaintiffs' Motion to Remand.

### I.    Factual and Procedural Background

The following facts are taken from plaintiffs' First Amended Complaint (Doc. 10) or defendant's Notice of Removal (Doc. 1). Plaintiff Sauder is a Kansas corporation with its principal place of business in Kansas. Plaintiff Farmers State Bank is a business organized in Kansas and is a registered Kansas company in good standing. Doc. 1-2. Defendant is an

insurance company organized under the laws of Wisconsin with its principle place of business in Wisconsin.  Defendant is authorized to engage in business in Kansas.

Plaintiff Sauder asserts a breach of contract claim against defendant.  Plaintiff Sauder alleges that defendant insured farm equipment under an insurance policy.  Plaintiff Sauder alleges that the policy provided "$90,000 for the no-till drill and $55,000 for the accompanying cart and designated [plaintiff] as the named insured."  Doc. 10 at 2.  Plaintiff Sauder asserts that defendant breached the insurance contract by denying its claim for loss of the no-till drill and cart.  Plaintiff asks for a judgment against defendant "for an amount in excess of $75,000, and no less than the full amount of coverage specified in the policy for the no-till drill and cart."  *Id.* at 4.

Plaintiff Farmers State Bank asserts a third party creditor beneficiary claim against defendant.  Plaintiff Farmers State Bank alleges that it held a security interest in the no-till drill and cart, with an outstanding loan balance on the no-till drill and cart at the time of loss in the amount of $64,850.  *Id.* at 5.  Plaintiff Farmers State Bank asserts that it was entitled to receive timely written notice of any decision by defendant not to renew or cancel the insurance policy. *Id.*  Plaintiff Farmers State Bank asserts that it never received any written notice of such decision, and this omission wrongfully precluded it "from taking measures to protect its financial interests."  *Id.* at 5–6.  Plaintiff Farmers State Bank thus seeks a judgment against defendant for $64,850.  *Id.* at 6.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).  Under 28 U.S.C. §

1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant").  "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

Two federal statutes confer subject matter jurisdiction on federal district courts:  federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. For a federal court to have federal question jurisdiction over a lawsuit, plaintiff must assert a "civil action[ ] arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity of citizenship must exist between all plaintiffs and all defendants.  28 U.S.C. § 1332(a).

**III.    Analysis**

Defendant removed this lawsuit asserting that the court has diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs disagree.  Plaintiffs contend no diversity jurisdiction exists here, and thus ask the court to remand the case.

Diversity jurisdiction requires:  (1) complete diversity of citizenship; and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  The parties do not dispute that the first element of diversity jurisdiction is satisfied.  For diversity purposes, plaintiffs are Kansas citizens[1] and defendant is a Wisconsin citizen.  So, complete diversity of citizenship exists.

---

[1]       Plaintiff's original Complaint and First Amended Complaint do not allege the citizenship of plaintiff Farmers State Bank.  A state bank is a citizen of the state of incorporation and the state of its

The parties dispute whether the amount in controversy here exceeds the jurisdictional threshold of $75,000. As described, plaintiffs bring two claims against defendant. Plaintiff Sauder asserts a breach of contract claim, seeking a judgment against defendant "for an amount *in excess of $75,000*, and no less than the full amount of coverage specified in the policy for the no-till drill and cart." Doc. 10 at 4 (emphasis added). Plaintiff Farmers State Bank asserts a third party creditor beneficiary claim, seeking a judgment against defendant for $64,850. *Id.* at 6.

Plaintiffs argue that the court lacks jurisdiction over plaintiff Farmers State Bank's claim because the damages sought in that claim are limited to $64,850—an amount below the $75,000 threshold. Plaintiffs assert that defendant cannot aggregate the damages sought by each plaintiff's claim to establish the necessary jurisdictional amount in controversy. Plaintiff cites *Snyder v. Harris*, 394 U.S. 332 (1969), to support its argument. But, the facts of *Snyder* differ from the facts here. *Snyder* was a class action in which no single plaintiff met the jurisdictional amount in controversy. *Id.* at 333. But, here, at least one of the plaintiffs—Sauder—satisfies the amount-in-controversy requirement.

Under these facts, the court has jurisdiction over plaintiff Sauder's claim, and it may exercise supplemental jurisdiction over plaintiff Farmers State Bank's claim under 28 U.S.C. § 1367. Section 1367 provides:

---

principal place of business. *See Heil v. Iron Cty.*, 376 F. App'x 868, 871 (10th Cir. 2010) (concluding diversity jurisdiction existed because the plaintiff was a California citizen and the defendant state bank "was formed pursuant to Utah's banking laws and had its principal place of business in Utah"). Defendant attached records from the Kansas Secretary of State's Office to its Notice of Removal, showing that Farmers State Bank is organized in Kansas and registered with the State of Kansas in good standing. Doc. 1-2. Farmers State Bank does not dispute that it is a Kansas citizen. Also, its website provides three locations—all in Kansas. *See* http://www.fsbaliceville.com/locations.php (last visited Mar. 13, 2017); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that courts may take judicial notice of factual information found on the world wide web). The court is satisfied that the record here establishes that Farmers State Bank is a Kansas citizen.

4

> [I]n any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States
> Constitution.  Such supplemental jurisdiction shall include claims that involve the
> joinder or intervention of additional parties.

28 U.S.C. § 1367.  The Supreme Court has concluded that § 1367(a) allows a court to exercise diversity jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement when the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount-in-controversy requirement.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005) ("[Section] 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy.").

Because plaintiff Sauder asserts a claim for damages exceeding the minimum jurisdictional amount, the court may exercise supplemental jurisdiction over plaintiff Farmers State Bank's claim against the same defendant because its claim is "part of the same case or controversy."  28 U.S.C. § 1367.  Subject matter jurisdiction exists, and plaintiff's Motion for Remand is denied.

### IV.    Conclusion

For the reasons explained, the court has diversity jurisdiction over plaintiff Sauder's claim under 28 U.S.C. § 1332.  And, it may exercise supplemental jurisdiction over plaintiff Farmers State Bank's claim under 28 U.S.C. § 1367.  Subject matter jurisdiction thus exists in this case.  And, the court denies plaintiffs' Motion to Remand.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Remand (Doc. 12) is denied.

**IT IS SO ORDERED.**

5

Dated this 13th day of March, 2017, at Topeka, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge